UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOSEPH MICHINI,                          §
                 Plaintiff,              §
                                         §
vs.                                      §          CIVIL NO. H-04-3369
                                         §
HOME FRAGRANCE HOLDINGS,                 §
INC.,                                    §
                 Defendant.              §

## ORDER

Defendant Home Fragrance Holdings, Inc.'s motion to compel discovery responses (Dkt. 22) has been referred to this magistrate judge for disposition.  The court finds that Home Fragrance's discovery requests are overly broad in certain respects, but orders plaintiff Joseph Michini to provide responsive documents in accordance with the limitations set forth below.

## Background

Michini has sued Home Fragrance for retaliation under the Equal Pay Act, Title VII, and the Texas Commission on Human Rights.  Michini asserts that Home Fragrance fired him in 2004 only a few months after he complained that his wife, Angie Michini, was being paid less than a male co-worker because she is a woman.  Home Fragrance asserts that Michini was terminated as part of a company-wide reduction in force.  Angie Michini was terminated a few months after Joseph Michini.

Michini filed a complaint with the EEOC alleging retaliation and was issued a right to sue letter.  Angie Michini also filed a complaint with the EEOC, alleging discrimination.

Angie Michini is not a party to this lawsuit and as of April 13, 2005 (the date of Michini's response to the motion to compel) had not filed a lawsuit against Home Fragrance.

### Home Fragrance's Discovery Requests

Home Fragrance has propounded on Michini extensive discovery requests seeking information related to Angie Michini's job history, job performance and communications with the EEOC.  Home Fragrance argues that all of this information is relevant to the issue of Michini's good faith belief that his wife was the subject of discrimination.  Michini has objected to producing much of the information on the grounds that Home Fragrance is attempting to use this case as a way of obtaining discovery for Angie Michini's expected discrimination case.[1]  Michini contends that he has already produced any documents in his possession that formed the basis for his belief that Home Fragrance was paying his wife a disparate wage based upon her gender.

Federal Rule of Civil Procedure 26(b)(1) provides that a party may obtain discovery regarding "any matter, not privileged, that is relevant to the claim or defense of any party." Relevant information does not need to be admissible, as long as the discovery request is "reasonably calculated to lead to the discovery of admissible evidence."  *Id.*

In order to prove his retaliation claim, Michini will have to show that at the time he made his complaint he had a reasonable belief that Home Fragrance was illegally discriminating against his wife. *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1122 (5th

---

[1]     Michini also objects that the requests are vague because they seek documents that "relate to," "refer to," or "concern," certain topics.  This objection is overruled.

Cir. 1998); *Long v. Eastfield College*, 88 F.3d 300, 305-06 (5th Cir. 1996); *Payne v. McLemore's Wholesale & Retail Stores*, 654 F.2d 1130, 1137-38 (5th Cir. 1981). Whether Home Fragrance actually discriminated against Angie Michini is not at issue. In other words, Michini does not need to prove that his complaint was correct, only that he had a reasonable belief that it was.

Michini allegedly complained in November 2003 of discrimination against his wife. The requests for production at issue here deal largely with Angie Michini's employment and her discrimination complaint after that date. Such documents have little or no bearing on Michini's state of mind as of November 2003. With this in mind, the court turns to Home Fragrance's specific requests.

**Request for Production No. 10:**

> All communications between Angie Michini or anyone acting on her behalf and the Equal Employment Opportunity Commission, the Texas Commission on Human Rights, or any other governmental agency, concerning her discrimination claim or your claim retaliation, including all documents submitted to any agency and all documents received from such agencies.

**Ruling:**

Michini's objection is sustained only in part. Michini must produce responsive documents dated prior to his November 2003 complaint, or describing events that occurred prior to that date, that relate to Angie Michini's discrimination claim. Michini must produce all responsive documents that relate to his own EEOC retaliation claim.

3

**Request for Production No. 14:**

> Any and all correspondence (including email) between Angie Michini and any person or entity (other than her attorney) concerning her employment with [Home Fragrance], her discrimination claim, your employment with [Home Fragrance], or your allegations in this lawsuit.

**Ruling:**

This request is vague and overbroad to the extent it seeks correspondence (including email) concerning matters other than Angie Michini's discrimination claim or the particular allegations in this lawsuit.  Beyond those topics, the request appears to encompass a potentially voluminous amount of extraneous and personal emails having no bearing on this lawsuit.  Michini must produce all correspondence related to Angie's claim of discrimination dated prior to his November 2003 complaint or describing events that occurred prior to that date.  As to other documents within the scope of this request, Michini's objection is sustained.

**Request for Production No. 30:**

> Any and all documents or tangible things which refer to, relate to, or concern any of Angie Michini's jobs, work, commissions, or earnings (whether as an employee, owner, independent contractor or otherwise) from July 9, 2004, until the time of trial, including but not limited to, any advertisement for the job position, the job application or resume she submitted, the job description, documents describing health insurance or pension or other benefits received, documents indicating her pay rate, bonuses, commissions, and any pay stubs, paychecks, or commission checks received, and any performance evaluations or reviews received.

**Ruling:**

Michini's objection to this request is sustained.  Angie Michini's post-July 9, 2004 job history is not relevant to any issue or claim in this case.

**Request for Production No. 34:**

Any and all documents or tangible things that relate or refer to any sources and/or amounts of income received by Angie Michini from July 9, 2004, until the time of trial, including, but not limited to, check stubs.  If Angie Michini was self-employed during this time, also produce profit and loss statements and financial statements relating to any such business.

**Ruling:**

Michini's objection to this request is sustained.  The sources and amounts of Angie's Michini's post-July 9, 2004 income are not relevant to any issue or claim in this case.

**Request for Production No. 56:**

Any and all documents or tangible things which relate to, refer to, or concern the job duties and/or responsibilities of Angie Michini during her employment with [Home Fragrance].

**Ruling:**

Michini's objection is sustained only in part.  Michini must produce all responsive documents dated prior to his November, 2003 complaint, or describing Angie Michini's job duties and/or responsibilities prior to that date.

**Request for Production No. 73:**

Any and all email communications or other correspondence concerning Angie Michini's job performance while employed by [Home Fragrance].

5

**Ruling:**

Michini's objection is sustained only in part.  Michini must produce all responsive documents dated prior to his November, 2003 complaint, or that describe Angie's job performance during the period prior to that date.

**Request for Production No. 75:**

Any and all documents concerning any complaints or commendations to Angie Michini from any source concerning her employment with [Home Fragrance].

**Ruling:**

Michini's objection is sustained only in part.  Michini must produce all responsive documents dated prior to his November 2003 complaint, or that relate to Angie Michini's performance during the period prior to that date.

**Request for Production No. 79:**

Any and all office or desk or personal calendars kept by Angie Michini during her employment with [Home Fragrance].

**Ruling:**

Based on Michini's representation that he has produced all responsive documents that exist, the parties agree that the motion to compel is moot as to this request.

**Request for Production No. 81:**

Any and all documents that support your contention that [Home Fragrance] discriminated against Angie Michini on the basis of gender.

**Ruling:**

Michini's objections are overruled.  Michini must produce all responsive documents.

6

**Request for Production No. 91:**

Any and all documents or tangible things that concern or relate to Angie Michini's work experience before her employment with [Home Fragrance], including but not limited to her resumes.

**Ruling:**

Michini's objection is sustained.  Angie Michini's previous work experience is not relevant to any issue or claim in this case.

Home Fragrance also seeks an award of its fees incurred in drafting and filing this motion under Rule 37(a)(4) of the Federal Rules of Civil Procedure.  Generally, the imposition of fees under Rule 37 is within the court's discretion. *Tollett v. City of Kemah*, 285 F.3d 357, 363 (5th Cir. 2002).  Rule 37(a)(4) mandates an award of fees if a motion to compel is granted, unless the court finds "that the opposing party's non-disclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust."  Michini's objections were not frivolous and were substantially sustained. Michini did not make a wholesale refusal to produce documents, but made a substantial production and withheld only documents as to which he had an arguable objection.  Under the circumstances, an award of fees would be unjust.  Therefore, Home Fragrance's request for fees is denied.

7

### <u>Conclusion</u>

Home Fragrance's motion to compel is granted in part and denied in part. Home Fragrance's request for fees is denied. Michini is ordered to produce documents in accordance with this Order, if they have not already been produced, on or before May 27, 2005.

Signed at Houston, Texas on May 13, 2005.

Stephen Wm Smith
United States Magistrate Judge